UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY CHALLINOR and SHANDA JENNINGS, as Personal Representatives of the ESTATE OF TYLER CHALLINOR, deceased,<br><br>        Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | NO. CV-11-3099-EFS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, ENTERING JUDGMENT, AND CLOSING FILE** |

    Before the Court, without oral argument, is Defendant United States of America's Motion to Dismiss, ECF No. 4. The United States contends dismissal is required pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction given that the Federal Employees' Compensation Act (FECA), 5 U.S.C. §§ 8101 *et seq.*, bars any potential recovery under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, and therefore the United States' sovereign immunity has not been waived. Plaintiffs Gregory Challinor and Shanda Jennings, who serve as the personal representatives for their son Tyler Challinor's estate, oppose the motion, arguing that their negligence claims against the Yakima Nation, Bureau of Indian Affairs (BIA), and Department of Interior ("Interior") fall within the FTCA and are not limited by FECA. As explained below, the Court concludes the United

ORDER * 1

States' statutory interpretation is correct.  For the reasons given below, the United States' motion is granted.

**A.   Facts**[1]

The Yakama Nation created Yakama Forest Products (YFP) to benefit it and its tribal members by providing both employment and profits from the sale of forest products.  For purposes of this lawsuit, it is uncontested that the BIA has authority over YFP and its acts and omissions.

On November 30, 2009, YFP signed a Work Based Learning (WBL) Agreement with the U.S. Bureau of Reclamation, which operates the Fort Simcoe Job Corps Center, to allow Fort Simcoe Job Corps student Tyler Challinor to work as a heavy machinery maintenance intern until January 29, 2010.  In the WBL Agreement, YFP agreed to "adhere to all federal and state laws and regulations regarding employment and safe work conditions."  ECF No. 14, Ex. A.  Because Mr. Challinor operated a motor vehicle as part of his WBL job duties, he was not covered by the Job Corps workers compensation insurance and thus YFP agreed to provide insurance coverage for Mr. Challinor while he worked under the WBL Agreement.

On January 7, 2010, Mr. Challinor worked on a forklift at YFP.  The forklift's forks were raised but not secured with a locking bar: a safety

---

[1]   When developing this factual statement, the Court considered the parties' pleadings and documents attached thereto.  *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988).

ORDER * 2

violation. The forks fell to the ground, crushing Mr. Challinor's chest and upper abdomen, tragically killing him.

It is unclear whether YFP investigated the accident. Yet, YFP prevented the Occupational Safety and Health Agency (OSHA) access to the site until one week after the accident when it was served with a federal warrant and relented to OSHA inspecting the site. OSHA's ability to investigate the accident was compromised given the one week delay, YFP's failure to maintain the accident scene, and YFP's failure to share its own safety and investigative records, if any. After completing its investigation, OSHA cited YFP and imposed a $58,500.00 penalty for numerous safety violations, including the safety violation that resulted in Mr. Challinor's death.

Mr. Challinor's estate ("Estate") submitted a Claim for Damage, Injury, or Death ("FTCA claim") with the BIA in February 2011. In March 2011, the Estate filed a similar FTCA claim with the U.S. Department of Labor (DOL). Both claims were processed by the DOL.

The DOL determined that Mr. Challinor's death as a Jobs Corp student was a death of a civilian employee of a federal agency and therefore issued a FECA $10,000.000 death gratuity payment to the Estate. Mr. Challinor did not have any dependents. In July 2011, DOL denied the Estate's request for reimbursement of Mr. Challinor's burial expenses in the amount of $11,629.80, because the full amount required by FECA, $10,000.00, had already been paid to the Estate. In October 2011, the DOL denied both FTCA claims.

The Estate did not pursue an administrative appeal. On October 4, 2011, the Estate filed the instant lawsuit seeking relief under the FTCA

ORDER * 3

because 1) the BIA failed to properly oversee that YFP was safely carrying out its functions, 2) YFP failed to abide by its safety requirements, and 3) the Bureau of Reclamation failed to ensure its Job Corps student worked in a safe environment, thereby negligently resulting in Mr. Challinor's death. ECF No. 1. On December 13, 2011, the United States filed this dismissal motion. ECF No. 4.

**B.   Standard**

A Rule 12(b)(1) motion seeks dismissal for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). The plaintiffs bear the burden of establishing subject-matter jurisdiction. *Robinson*, 586 F.3d at 685.

**C.   Analysis**

The United States, as a sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Therefore, absent waiver of its sovereign immunity in either the U.S. Constitution or by federal statute, the United States enjoys immunity from suit in federal court. *Kokkonen v. Guardian Life Ins. Co. of. Am.*, 511 U.S. 375, 377 (1994). Accordingly, the U.S. Constitution and Congress set the parameters for a federal court's jurisdiction. *Id.*

The Estate argues that Congress waived its sovereign immunity for claims such as those asserted here because the FTCA permits lawsuits against the United States founded on its negligence. 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."); *see also id*. § 1346(b)(1) (granting federal courts jurisdiction over FTCA claims). However, the Estate does not dispute that Mr. Challinor was a federal

employee when he worked as a Job Corps student at YFP or that he was injured during his YFP placement. Accordingly, the Court's analysis must start with FECA.

FECA requires the United States to "pay compensation as specified . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). Again, it is undisputed that Mr. Challinor was a federal employee, i.e., "a civil officer or employee in any branch of the Government of the United States, including an officer or employee of an instrumentality wholly owned by the United States." *Id.* § 8101. And it is undisputed that Mr. Challinor's death resulted from "personal injury sustained while in the performance of his duty." *Id.* § 8102(a).

FECA, and binding case law interpreting it, clearly require the Court to find that FECA is the Estate's exclusive remedy against the United States for any negligence by the BIA, the Interior, and DOL:

> The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the injury or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or *under a Federal tort liability statute*.

*Id.* § 8116(c) (emphasis added); *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 195 (1983) (finding that FECA governs the relationship between the federal government and a federal employee); *Moe*, 326 F.3d 1065, 1068 (9th Cir. 2003) ("[I]f available under FECA, all other statutory remedies for claims arising under the same facts are

ORDER * 5

preempted."). The Estate's argument that the FTCA trumps FECA for claims brought by the estate of a federal employee, who died while working at a tribal business established under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450[2] *et seq.*, and supervised by the BIA fails because FECA expressly trumps the FTCA. *See Lockheed Aircraft Corp.*, 460 U.S. at 194-95 (FECA's purpose is to "protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity.").

Although FECA's original purpose of guaranteeing federal employees "the right to receive immediate, fixed benefits, regardless of fault and without need for litigation," while "in return . . . los[ing] the right to sue the Government," *Lockheed Aircraft Corp.*, 460 U.S. at 193-94, is still a legitimate purpose, FECA's $10,000.00 death gratuity payment appears de minimus in today's dollars, especially given that, as is evidenced here, burial costs today typically exceed $10,000. Nonetheless, Congress set this amount, deeming it an appropriate "quid pro quo" for the lifetime benefits received by the federal employee in exchange for his Estate's loss of the legal right to sue the United States for its negligent conduct. *See* Section 651 of Public Law 104-208

---

[2] Section 450n states,

Nothing in this subchapter shall be construed as--

(1) affecting, modifying, diminishing, or otherwise impairing the sovereign immunity from suit enjoyed by an Indian tribe; or
(2) authorizing or requiring the termination of any existing trust responsibility of the United States with respect to the Indian people.

ORDER * 6

(the Omnibus Consolidated Appropriations Act of 1996) (Sept. 30, 1996) (including the $10,000.00 death gratuity payment). Therefore, because relief is available only under FECA, the Estate is limited to FECA's $10,000 gratuity payment awarded.

And FECA bars judicial review of the DOL's FECA-award determination. 5 U.S.C. § 8128(b)(1) & (2) (The DOL's FECA award is "final and conclusive for all purposes" and is "not subject to review by another official of the United States or by a court by mandamus or otherwise."); *see S.W. Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (recognizing that courts "have no jurisdiction over FTCA claims where the Secretary determines that FECA applies."). There are two narrow court-created exceptions to FECA's finality provision: 1) constitutional challenges, and 2) claims for violation of a clear statutory mandate or prohibition. *Markham v. United States*, 434 F.3d 1185, 1187 (9th Cir. 2006); *Rodrigues v. Donovan*, 769 F.2d 1344, 1348 (9th Cir. 1985) (focusing the FECA-finality-exception analysis on whether the agency with the final decision-making authority violated the U.S. Constitution or a statute). The Estate relies on both exceptions. However, the Estate fails to identify how the DOL violated the U.S. Constitution. Likewise, the Estate fails to identify the clear statutory mandate or prohibition violated by DOL. Accordingly, there is no evidence that the FECA process utilized by DOL or the FECA award violated the U.S. constitution or a federal statute.

**D.   Conclusion**

In summary, because the Estate's FTCA negligence claims colorably fall within FECA's scope, the Court must dismiss this lawsuit for lack

ORDER \* 7

of subject-matter jurisdiction. *See Moe*, 326 F.3d at 1068 (requiring dismissal of a claim that is "colorably within" FECA's scope). Although the United States may face liability under the FTCA if an injury occurs to a non-Job-Corps participant at YFP because that individual may not be a federal employee, the Court recognizes this question is not before it at this time. The Court is hopeful that the BIA and YFP take the appropriate necessary steps to ensure that all workers, especially those young Job Corps students with so much life ahead, are not subjected to such serious safety violations. *See Marly's Bear Med. v. United States*, 241 F.3d 1208, 1216-17 (9th Cir. 2000) (finding that fatal injuries to a *non-federal* employee during a logging operation conducted pursuant to a BIA contract were recoverable under the FTCA because the BIA's responsibility to ensure that safety precautions were implemented was not a discretionary function). The Court is also hopeful that Congress will soon address the shameful inadequacy of FECA's $10,000.00 death gratuity payment. While the law required this decision, the Court sympathizes with Mr. Challinor's parents for the loss of their son.

Accordingly, **IT IS HEREBY ORDERED**:

1. The United States' Motion to Dismiss, **ECF No. 4**, is **GRANTED**.
2. **Judgment** is to be entered in the United States' favor without prejudice.

///
///
///
//
/

ORDER * 8

     3.   All pending motions and deadlines are **STRICKEN**.
     4.   This file shall be **CLOSED**.
     **IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and forward a copy to all counsel.
     **DATED** this __15th__ day of February 2012.


                              s/Edward F. Shea
                             EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2011\3099.dismiss.lc1.wpd

ORDER * 9